[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE COUNTERCLAIM
First Count — Granted.
P. B. § 10-10 requires that a counterclaim arise out of the transaction which is the subject of the plaintiffs complaint. While allegations of "wrongful foreclosure" may constitute a valid special defense this count seeks damages for (i) damaged credit rating, (ii) unnecessarily incurred expenses, (iii) lost time from work, (iv) loss through partition of property and (v) mental pain, anguish and loss of quality of life. These elements of damages do not arise out of the transaction because they do not arise out of the making validity or enforcement of the note and mortgage. These claims may constitute the basis for a separate action but they are not adjudicable within a foreclosure.
Second Count — Denied.
The allegations of this count simply claim that it is unfair and not in good faith for a mortgagee to increase the monthly mortgage payment without prior notice or subsequent explanation or justification. Allegations of breach of good faith are legally sufficient when they allege that the mortgagee has refused to accept monthly payments in an amount which the mortgagee has agreed was correct. Magnan v. Anaconda Industries. Inc.,193 Conn. 558, 566 (1984). Such actions by the mortgagee unequivocally relate to the enforcement of the note and mortgage.
Third Count — Denied.
As stated in the second count, these allegations state a cause of action for breach of covenant of good faith and fair dealing. As such, they claim far more than a simple breach of contract. Such conduct, if proved, could be held to violate CUTPA.
Fourth Count — Granted.
For the reasons stated in the first count the claimed acts of negligence and recklessness do not arise out of the same transaction between the parties. They are separate and distinct acts from the mortgage transaction.
THE COURT,
CT Page 16826 Mottolese, Judge